(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. ESCV2004-01293-1

JOANNE SILVA

......................................................................................................., Plaintiff(s)

v.

DISCOVER BANK CORPORATION ET AL

......................................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Michael E. McMahon, plaintiff's attorney, whose address is 583 Chestnut Street, Lynn, MA 01904, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V DelVECCHIO, Esquire, at Salem, the 17th day of August, in the year of our Lord two thousand and four

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. ESCV2004-01293-1

JOANNE SILVA

........................................................................................, Plaintiff(s)

v.

DISCOVER BANK CORPORATION ET AL

........................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Michael E. McMahon, plaintiff's attorney, whose address is 583 Chestnut Street, Lynn, MA 01904, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V DelVECCHIO, Esquire, at Salem, the 17th day of August, in the year of our Lord two thousand and four

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                           SUPERIOR COURT DEPARTMENT OF
                                    THE TRIAL COURT
                                    CIVIL ACTION NO.:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOANNE SILVA
      Plaintiff

V.

DOMENIC CIOLINO AND
DISCOVER BANK CORPORATION
      Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT

NOW COMES the Plaintiff and says:

1- The Plaintiff Joanne Silva resides at 106 Concord Street, Gloucester, MA.

2- The Defendant Domenic Ciolino resides at 4 Beauport Ave., Gloucester, MA

3- The Defendant Discover Bank is a Delaware Bank corporation which does business in Massachusetts.

4- Within the past ten months the Defendant Ciolino persuaded the Plaintiff to allow him to reside at her residence with her and her three minor children. During that period the Defendant Ciolino neglected to contribute to the house hold expenses.

5- At some time during the past ten months of the Defendant Ciolino fraudulently obtained a duplicate of Plaintiff's Discover Credit Card by forgery. The Defendant Ciolino then used the Plaintiff's credit card to obtain goods and services for his own use in an amount of $13,219.26 without Plaintiff's authority. The Defendant Discover Bank has transacted business with the Plaintiff for several years in Massachusetts.

6- At some time during the past ten months of the Defendant Ciolino persuaded the Plaintiff to open an American Express Account in her name.

7- At some time during the past 10 months the Defendant Ciolino fraudulently obtained a duplicate American Express Card for Plaintiff's account and used that card without Plaintiff's authority to obtain goods and services for his own

8- In November of 2003, the Defendant Ciolino attempted to purchase a 2004 Buick automobile from Pontiac-Cad-Buick-GMC Inc. d/b/a SUDBAY MOTORS of Gloucester but was unable to obtain a loan for the purchase due to his bad credit history.

9- The Defendant Ciolino then persuaded the Plaintiff to sign lease documents for that vehicle and fraudulently represented to the Plaintiff that he, the Defendant, would pay the financial obligations of that contract. In reliance upon that representation the Plaintiff signed all documents necessary to obtain the vehicle for the Defendant.

10- The Defendant Ciolino has failed and refused to pay the lease payments which are now charged to the Plaintiff in the amount of $19,070.59.

## COUNT I

11- The Plaintiff Joanne Silva restates the averments of paragraphs one through Nine.

12- By reason of the forgeries and unauthorized use of the Plaintiff's Discover credit card the Defendant Ciolino caused the Plaintiff to be indebted in the amount of $13,219.26.

Wherefore the Plaintiff demands judgment against the Defendant Ciolino for her damages together with interest and costs of their action.

## COUNT II

13- The Plaintiff Joanne Silva restates the averments of paragraphs one through Nine.

14- By reason of the unauthorized misuse of the American Express Account for the Defendant Ciolino's own benefit the Defendant Ciolino has caused the Plaintiff to be indebted in the amount of $12,762.00

Wherefore the Plaintiff demands judgment against the Defendant Ciolino for her damages together with interest and costs of this action.

## COUNT III

15 The Plaintiff Joanne Silva restates the averments of paragraphs one through Nine.

16- By reason of the misrepresentations of the Defendant Ciolino on which the Plaintiff Joanne Silva relied, the Plaintiff is indebted on the automobile lease in the amount of $19,070.51.

Wherefore the Plaintiff seeks judgment against the Defendant Ciolino for her damages together with interest and costs of this action.

### COUNT IV   DISCOVER

The Plaintiff Joanne Silva restates the averments of paragraphs one through sixteen.

17- The Plaintiff Joanne Silva immediately upon discovery reported the fraudulent use of her Discover Credit Card to the Defendant Discover Bank in December 2003.

18- The Defendant Discover Bank conducted an investigation and determined that the Plaintiff was not liable for charges totaling $12,151.89 due to the Defendant's Ciolino actions and therefore removed those charges from her balance with that company in January 2004.

19- On or about April 12, 2004 the Defendant Discover Bank, having failed to attempt to collect the debt from Ciolino, unilaterally, fraudulently and without Plaintiff's authorization debited her Discover account with a new charge of $12,151.89.

20- On May 13th, 2004 the Plaintiff, by her Attorney, submitted a written request to the Defendant Discover Bank pursuant to M.G.L. Ch. 93A for the immediate removal of the $12,151.89 charge to the Plaintiff's account, but the Defendant failed to respond.

21- The actions of the Defendant Discover Bank in unilaterally debiting the Plaintiff's account after having previously removed those charges due to its own determination that such charges were fraudulently charged by Defendant Ciolino and its failure to respond to Plaintiff's requests to remove that charge were deceptive practices prohibited by both G.L. Ch. 93A as well as applicable State and Federal Collection Law.

22- The actions of the Defendant Discover Bank have caused the Plaintiff severe emotional distress, have damaged her credit, and have required her to incur legal fees and costs to defend herself against same.

Wherefore the Plaintiff demands judgment against the Defendant Discover Bank as follows:

1- That Discover Bank be enjoined from any legal action to collect the balance on Plaintiff's account.

2- That Discover Bank be enjoined from reporting the Plaintiff's account to credit reporting agencies.

3

3- That the Plaintiff be awarded judgment against the Defendant Discover Bank for her <u>damages</u> together with legal fees, treble damages and costs of this action.

By Plaintiff's Attorney

*[signature]*

Michael E. McMahon
583 Chestnut Street, Suite 10
Lynn, MA 01904
(781) 581-1010
BBO# 338460

Dated: 7/12/04

## *VERIFICATION*

I, the undersigned, Joanne Silva, being first duly sworn on oath depose and say: That I am a resident of Gloucester, in the Commonwealth of Massachusetts; that I am the plaintiff named and described in the foregoing Complaint; that I know the contents thereof and as to all matters of fact therein stated the same is true, and as to all matters therein stated on information and belief, I believe them to be true.

*[signature]*
Joanne Silva

Subscribed and sworn to before me this 2 day of July, 2004.

*[signature]*

Michael E. McMahon
Notary Public
My commission Expires: 4/21/04
And Plaintiff's Attorney
583 Chestnut Street, Suite 10,
Lynn, Ma 01904
BBO #: 338460

Dated: 7/12/04

4

SEP. 9. 2004 1:26PM    SI LAW DEPT (847) 405-4972                          NO. 1598    P. 9

| CIVIL ACTION COVER SHEET | | Trial Court of Massachusetts Superior Court Department County:____ |
|---|---|---|

| PLAINTIFF(S) JOANNE SILVA | DEFENDANT(S) DOMINIC CIOLINO AND DISCOVER BANK |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>MICHAEL E. MCMAHON<br>583 CHESTNUT STREET; SUITE #-1810<br>LYNN, MA 01904 TEL.: 781-581-1810<br>Board of Bar Overseers number: 338460 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Fraudlent use of Credit | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $............
2. Total Doctor expenses ................................................. $............
3. Total chiropractic expenses ........................................... $............
4. Total physical therapy expenses ...................................... $............
5. Total other expenses (describe) ...................................... $............
   Subtotal $............
B. Documented lost wages and compensation to date .......................... $............
C. Documented property damages to date .................................... $............
D. Reasonably anticipated future medical and hospital expenses ............. $............
E. Reasonably anticipated lost wages ..................................... $............
F. Other documented items of damages (describe)
   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Defendant Ciolino fraudlently obtained goods and services
   by unauthorized use of Plaintiff's credit in the amount of     45,051.00
   and Defendant Discover card fraudlently debited Plaintiff's
   account in the amount of                                       TOTAL $45,051.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 7/6/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000