UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12052-DPW

_____
JOANNE SILVA,                              )
    Plaintiff,                              )
                                               )
v.                                         )
                                               )
DOMENIC CIOLINO and                        )
DISCOVER BANK CORPORATION                  )
    Defendants.                            )
_____)

**ANSWER OF DEFENDANT, DISCOVER BANK CORPORATION**

Defendant Discover Bank, erroneously named herein as Discover Bank Corporation ("Discover"), hereby answers the Complaint of plaintiff Joanne Silva ("Plaintiff") as follows:

**FIRST DEFENSE**

1. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Discover admits that it is a wholly-owned subsidiary of NOVUS Credit Services, Inc., a Delaware Corporation, and that it conducts business in the Commonwealth of Massachusetts, but denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Discover admits that the Plaintiff has been a customer of Discover for several years, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 5 of the Complaint.

6. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

**COUNT I**

11. Discover incorporates by reference its responses to paragraphs 1-10 of the Complaint.

12. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

**COUNT II**

13. Discover incorporates by reference its responses to paragraphs 1-12 of the Complaint.

14. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

## COUNT III

15. Discover incorporates by reference its responses to paragraphs 1-14 of the Complaint.

16. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

## COUNT IV

16a. Discover incorporates by reference its responses to paragraphs 1-16 of the Complaint.

17. Discover admits that on January 1, 2004, defendant Ciolino was removed as an authorized user of the account, but Discover lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint.

18. Discover admits that while it was investigating Plaintiff's account, temporary adjustments were made to the account, but Discover denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Discover denies the allegations contained in paragraph 19 of the Complaint.

20. Discover admits that it received correspondence from Plaintiff after May 13, 2004, states that the correspondence itself is the best evidence of its contents, and denies the allegations contained in paragraph 20 of the Complaint.

21. Discover denies the allegations contained in paragraph 21 of the Complaint.

22. Discover denies the allegations contained in paragraph 22 of the Complaint.

**SECOND DEFENSE**

The complaint fails to state any claim upon which relief can be granted.

**THIRD DEFENSE**

If the Plaintiff was damaged as alleged, which Discover denies, her damages were proximately caused by her own acts or omissions.

**FOURTH DEFENSE**

If the Plaintiff was damaged as alleged, which Discover expressly denies, her damages were not caused by Discover or any person acting with, through, or under Discover, or by any person for whose conduct Discover is legally responsible or answerable.

**FIFTH DEFENSE**

One or more of the Plaintiff's claims are barred by the applicable statute of limitations.

**SIXTH DEFENSE**

Discover acted in good faith in all of its dealings with the Plaintiff.

**SEVENTH DEFENSE**

The Plaintiff has failed to act reasonably to mitigate damages, if any.

**EIGHTH DEFENSE**

The Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

**NINTH DEFENSE**

The Plaintiff lacks authority or capacity to assert claims against the Defendant.

## TENTH DEFENSE

This Court lacks subject matter jurisdiction over this action because the claims asserted must be arbitrated under the terms of the applicable Cardmember Agreement.

## ELEVENTH DEFENSE

The Plaintiff's Complaint fails on the basis of the misnomer of a party.

WHEREFORE, Discover Bank respectfully requests that this Court:

a. dismiss all counts of the Complaint with prejudice and award attorneys fees and costs to defendant, Discover Bank; and

b. Award such other relief as the Court deems just and proper.

>Respectfully submitted,
>
>DISCOVER BANK
>by its attorneys,
>
>/s/ Andrew J. Drayer
>Kevin C. Maynard, BBO No. 550669
>Andrew J. Drayer, BBO No. 647192
>Bulkley, Richardson and Gelinas, LLP
>One Post Office Square, Suite 3700
>Boston, MA  02109
>Tel:  (617) 368-2500
>Fax:  (617) 368-2525

Dated: October 27, 2004

## CERTIFICATE OF SERVICE

I, Andrew J. Drayer, hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by first class mail, postage prepaid, on October 27, 2004.

>/s/ Andrew J. Drayer
>Andrew J. Drayer