UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12052-DPW

| | |
|---|---|
| JOANNE SILVA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOMENIC CIOLINO and | ) |
| DISCOVER BANK CORPORATION | ) |
|     Defendants. | ) |
| | ) |

## MOTION OF DISCOVER BANK FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE COUNTERCLAIM, WITH MEMORANDUM OF REASONS INCORPORATED

Defendant Discover Bank, erroneously named herein as Discover Bank Corporation ("Discover") hereby moves, pursuant to Fed. R. Civ. P. 15(a), for leave of the Court to amend its answer, recently filed on October 27, 2004, to include a counterclaim pursuant to Fed. R. Civ. P. 13(f). As grounds for this motion, Discover states as follows:

1. On or about June, 1998, the plaintiff entered into an account agreement with Discover for credit card services. At some point in December, 2003 and/or January, 2004, plaintiff disputed charges reflected on her Discover account.

2. Discover ultimately determined that the plaintiff's dispute was unfounded and that the plaintiff was in default of her obligations under the credit card agreement. With late charges, interest and other penalties, the plaintiff currently owes Discover $14,301.06.

3. Plaintiff continues to dispute the charges, giving rise to this action filed by her.

4. On or about October 27, 2004, Discover filed with the court its answer to the plaintiff's complaint. Discover inadvertently failed to include at the time a counterclaim against the plaintiff for money owed to Discover by the plaintiff.

5. Rule 15 of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires." Moreover, Fed. R. Civ. P. 13(f) provides that "when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."

6. The original answer in this matter inadvertently omitted the inclusion of a counterclaim. Counsel for Discover undertook Discover's representation in this matter with the understanding that they were retained only to defend Discover in the action, as Discover collection matters are typically handled by other counsel. This misunderstanding resulted in the inadvertent omission of the counterclaim.

7. To date, neither party has undertaken discovery, no automatic disclosure has occurred, and the plaintiff will not suffer undue prejudice by the allowance of this motion.

8. Justice requires that Discover be allowed to amend its answer to file a counterclaim. Discover has a valid and ripe claim against the plaintiff. Not allowing Discover the right to amend could unfairly allow the plaintiff a potential windfall. Discover should be permitted to have its claim against the plaintiff adjudicated on its merits in this action.

WHEREFORE, Discover respectfully requests that this court allow its motion for leave to amend its answer to include in the form attached as **Exhibit A**, a counterclaim for money owed on the plaintiff's past due account with Discover.

        Respectfully submitted,

        DISCOVER BANK
        by its attorneys,

        /s/ Andrew J. Drayer
        Kevin C. Maynard, BBO No. 550669
        Andrew J. Drayer, BBO No. 647192
        Bulkley, Richardson and Gelinas, LLP
        One Post Office Square, Suite 3700
        Boston, MA  02109
        Tel:  (617) 368-2500
        Fax:  (617) 368-2525

Dated: December 3, 2004

## CERTIFICATE OF SERVICE

I, Andrew J. Drayer, hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by first class mail, postage prepaid, on December 3, 2004.

        /s/ Andrew J. Drayer
        Andrew J. Drayer