Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12052-DPW

| | |
|---|---|
| JOANNE SILVA,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| DOMENIC CIOLINO and<br>DISCOVER BANK CORPORATION<br>    Defendants. | )<br>)<br>)<br>) |

## AMENDED ANSWER AND COUNTERCLAIM
## OF DEFENDANT, DISCOVER BANK

Defendant Discover Bank, erroneously named herein as Discover Bank Corporation ("Discover"), hereby answers the Complaint of plaintiff Joanne Silva ("Plaintiff") as follows:

### FIRST DEFENSE

1.    Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.    Discover admits that it is a wholly-owned subsidiary of NOVUS Credit Services, Inc., a Delaware Corporation, and that it conducts business in the Commonwealth of Massachusetts, but denies the remaining allegations contained in paragraph 3 of the Complaint.

4.    Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Discover admits that the Plaintiff has been a customer of Discover for several years, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 5 of the Complaint.

6. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

## COUNT I

11. Discover incorporates by reference its responses to paragraphs 1-10 of the Complaint.

12. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

## COUNT II

13. Discover incorporates by reference its responses to paragraphs 1-12 of the Complaint.

14. Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

## COUNT III

15.   Discover incorporates by reference its responses to paragraphs 1-14 of the Complaint.

16.   Discover lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

## COUNT IV

16a.   Discover incorporates by reference its responses to paragraphs 1-16 of the Complaint.

17.   Discover admits that on January 1, 2004, defendant Ciolino was removed as an authorized user of the account, but Discover lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint.

18.   Discover admits that while it was investigating Plaintiff's account, temporary adjustments were made to the account, but Discover denies the remaining allegations contained in paragraph 18 of the Complaint.

19.   Discover denies the allegations contained in paragraph 19 of the Complaint.

20.   Discover admits that it received correspondence from Plaintiff after May 13, 2004, states that the correspondence itself is the best evidence of its contents, and denies the allegations contained in paragraph 20 of the Complaint.

21.   Discover denies the allegations contained in paragraph 21 of the Complaint.

22.   Discover denies the allegations contained in paragraph 22 of the Complaint.

## SECOND DEFENSE

The complaint fails to state any claim upon which relief can be granted.

## THIRD DEFENSE

If the Plaintiff was damaged as alleged, which Discover denies, her damages were proximately caused by her own acts or omissions.

## FOURTH DEFENSE

If the Plaintiff was damaged as alleged, which Discover expressly denies, her damages were not caused by Discover or any person acting with, through, or under Discover, or by any person for whose conduct Discover is legally responsible or answerable.

## FIFTH DEFENSE

One or more of the Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH DEFENSE

Discover acted in good faith in all of its dealings with the Plaintiff.

## SEVENTH DEFENSE

The Plaintiff has failed to act reasonably to mitigate damages, if any.

## EIGHTH DEFENSE

The Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

## NINTH DEFENSE

The Plaintiff lacks authority or capacity to assert claims against the Defendant.

## TENTH DEFENSE

This Court lacks subject matter jurisdiction over this action because the claims asserted must be arbitrated under the terms of the applicable Cardmember Agreement.

## ELEVENTH DEFENSE

The Plaintiff's Complaint fails on the basis of the misnomer of a party.

## COUNTERCLAIM

1. The Defendant/Plaintiff-In-Counterclaim, Discover Bank ("Discover") is a corporation duly organized under the laws of the State of Delaware with a usual place of business at 3301 Mill Meadow Drive, Hillard, Ohio.

2. The Plaintiff/Defendant-In-counterclaim, Joanne Silva is an individual who resides at 106 Concord Street, Gloucester, Massachusetts.

## COUNT I

3. Discover incorporates the allegations contained in paragraphs 1-2 of the counterclaim as if set forth herein.

4. The Plaintiff/Defendant-In-Counterclaim owes Discover the sum of $14,301.00 for charges and/or cash advances incurred on Plaintiff/Defendant-In-Counterclaim's credit account, together with interest and other valid charges.

5. Despite demand, the balance of $14,301.06 remains wholly unpaid.

WHEREFORE, the Defendant/Plaintiff-In-Counterclaim demands judgment under this count for $14,301.06 together with interests and costs.

## **COUNT II**

6.      The Defendant-In-Counterclaim incorporates the allegations contained in paragraphs 1-5 of the counterclaim as if set forth herein.

7.      The Plaintiff/Defendant-In-Counterclaim entered into an agreement with Discover whereby the Plaintiff/Defendant-In Counterclaim agreed to reimburse Discover for any sums paid out on behalf of the Plaintiff/Defendant-In-Counterclaim and/or loaned to the Plaintiff/Defendant-In-Counterclaim.

8.      The Plaintiff/Defendant-In-Counterclaim breached the agreement by failing to pay the amounts due pursuant to the agreement.

9.      As a result of the breach of the agreement by the Plaintiff/Defendant-In-Counterclaim, Discover has been damaged in the amount of $14,301.06, together with reasonable attorneys fees as provided for in the agreement between the parties.

WHEREFORE, the Defendant/Plaintiff-In-Counterclaim demands judgment against the Plaintiff/Defendant-In-Counterclaim in the sum of $14,301.06 plus reasonable attorneys fees, interest, and costs.

Respectfully submitted,

DISCOVER BANK
by its attorneys,

/s/ Andrew J. Drayer
Kevin C. Maynard, BBO No. 550669
Andrew J. Drayer, BBO No. 647192
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Suite 3700
Boston, MA  02109
Tel:  (617) 368-2500
Fax:  (617) 368-2525

Dated: December 3, 2004

CERTIFICATE OF SERVICE

I, Andrew J. Drayer, hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by first class mail, postage prepaid, on December 3, 2004.

/s/ Andrew J. Drayer
Andrew J. Drayer